### BASSFORD v. FITZGERALD et al.

(Circuit Court, E. D. Pennsylvania. June 12, 1905.)

#### No. 44.

SALE—ACTION TO RECOVER PRICE PAID FOR ACCOUNT—CONSTRUCTION OF GUARANTY.

Defendants contracted to do certain advertising in their newspaper, and to take in payment two automobiles at a stated price, and the balance of the account in machinery made by a certain company. Plaintiff desired to buy the account so far as machinery could be obtained therefor, and in the belief, induced by defendants, that the whole account would be paid in machinery, at his option, he purchased and paid for the same, but took a written guaranty from defendants that, if it was not so paid, they would refund the amount received. The advertiser delivered machinery to the amount in excess of the price of the automobiles, but, as to them, insisted upon the terms of the contract. *Held*, that the purpose of the contract of guaranty was to protect plaintiff in such contingency, and that he was entitled to recover thereon the amount paid for that portion of the account for which he could not obtain machinery.

At Law.

Walter J. Knight and Gilbert F. Schamberg, for plaintiff.
F. F. Brightley, for defendants.

HOLLAND, District Judge. William K. Bassford brings suit against Harrington Fitzgerald and Hildebrandt Fitzgerald to recover the sum of $1,800, and alleges that the amount is due upon the following state of facts: The defendants were publishing a paper known as the "Philadelphia Item" in the city of Philadelphia, and had entered into a contract with the World's Dispensary Medical

Association to do certain advertising for it, and to take in payment therefor two automobiles, for $3,000 each, making a total of $6,000, and machinery of the American Engine Company for any balance that may become due for advertising in the defendants' paper, over and above the $6,000. This contract was made on the 19th day of April, 1889, and had run along until on or about the 25th day of September, 1903, when William K. Bassford called upon Harrington Fitzgerald, one of the defendants, in the city of Philadelphia, for the purpose of purchasing from him orders on the World's Dispensary Medical Association for machinery due the defendants for the advertisement which they had published in their Philadelphia paper on account of the contract. From the evidence I find that Bassford knew about this contract, and was informed, either from information outside or from Mr. Fitzgerald, that there was an agreement to accept automobiles as part payment; but he was assured by Mr. Fitzgerald that, notwithstanding the fact that the agreement called for the acceptance of $6,000 in automobiles, the defendants had an option to either accept automobiles in payment, or machinery of the American Engine Company, and Bassford was so informed, and with the understanding that, whatever amount the World's Dispensary Medical Association owed the defendants for advertising, they could either take machinery of the American Engine Company for the total amount, or accept $6,000 in two automobiles, and the balance in machinery, as the defendants might elect. And upon this Bassford agreed to purchase the defendants' right to the delivery of machinery or automobiles for the price or sum of 30 per cent. on the dollar, and Bassford, who purchased this machinery, took it because of the assurance that he could get machinery from the American Engine Company for the entire amount; and, in order to be sure of this, he took from the defendants a written guaranty in the following language:

"Philadelphia, September 25th, 1903.

"Mr. William K. Bassford, Jr.—Dear Sir: We enclose you herewith machinery order for the amount of ten thousand four hundred seventy-nine ($10,479.62) dollars, sixty-two cents, according to our trade contract, and we guarantee the World's Dispensary Medical Association will deliver you American Engine Company's machinery, upon presentation of the orders, or we will refund the amount you have paid us.

"Yours truly, Fitzgerald and Sons,
"Philadelphia Item."

This guaranty had been drawn by Mr. Bassford on September 24th in the defendants' office in Philadelphia, and left with them. They afterwards, upon examination of their books, ascertained the amount due them from the World's Dispensary Medical Association, and made orders for the amount of machinery to Mr. Bassford, together with the above guaranty, and a draft for $3,143.89; being 30 per cent. on the above-mentioned amount of machinery, which was to be delivered to the plaintiff by the World's Dispensary Medical Association as the amount due the defendants for advertisements in their Philadelphia paper. Upon these orders the plaintiff received $4,479.62 worth of machinery from the American Engine Company at prices at which it was to be delivered to the defend-

ants for their advertisements, but the World's Dispensary Medical Association refused to deliver American Engine Company machinery for the amount of $6,000 on this contract, for the reason that, as claimed through its president, Dr. Pierce, the defendants were to accept two automobiles, for $3,000 each, making a total of $6,000; and, when the plaintiff presented his orders for delivery of American Engine Company machinery to the amount of this $6,-000, he was informed that he could not get such machinery, but would be required to take automobiles. This was contrary to what he had agreed with the defendants to accept, and they had guarantied to him that the World's Dispensary Medical Association would deliver American Engine Company machinery for the $6,000. Plaintiff immediately called upon the defendants, and informed them that the World's Dispensary Medical Association had refused to deliver machinery instead of automobiles for the $6,000, and requested the return of $1,800, in accordance with the guaranty. At that time the defendants did not agree to return or refund any of the money. On October 5, 1903, the plaintiff wrote the defendants again, requesting the return of $1,800, which was 30 per cent. on the $6,000, and inclosed a copy of his guaranty to the defendants, in order to show him to what extent he had made himself liable as a guarantor for the delivery of machinery instead of automobiles. The defendants made no reply, and subsequently letters were written to the defendants, to which there was no reply, or any indication as to what the defendants would do with regard to a repayment of the $1,800 in accordance with the guaranty dated September 25, 1903. The orders for machinery given by the defendants to the plaintiff were retained, and are still in his possession.

The defense, which is no doubt true, is that Bassford knew that the contract called for automobiles, and that it was thought that the World's Dispensary Medical Association could be induced to deliver American Engine Company machinery instead of automobiles, and it was agreed that they would both endeavor to bring about this result; but the evidence shows that Bassford was not willing to take the chance of this being accomplished, and required of the defendants to give him a guaranty that in case of failure they would refund the amount which is paid to them. Subsequent events demonstrated that the World's Dispensary Medical Association were unwilling to deliver American Engine Company machinery, or any other kind of machinery, for the $6,000, but insisted upon payment of that amount with two automobiles, in compliance with the original contract; and the plaintiff, having failed to receive this machinery, insists now he is entitled to recover back the 30 per cent. on this amount. The written contract certainly entitles him to this recovery, and it makes no difference what arrangements they had preliminary to its execution as to the delivery of machinery or automobiles. It developed that the plaintiff was unable to secure machinery, and the defendants had guarantied a delivery of machinery or a refund of money. As he failed to secure the one, he is entitled to the other, and therefore judgment is awarded the plaintiff in the sum of $1,800, with interest from November 1, 1903.